IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:08-CV-129-BR
In Admiralty

| | |
|---|---|
| REGIONS BANK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The M/V CHASING MONEY ) | |
| (Official No. 1184076), ) | ORDER |
| Her engines, tackle, furniture, ) | |
| appurtenances, etc. *in rem*; and ) | |
| GEORGE M. POLLIS ) | |
| and MARK W. HALL, *in personam*, ) | |
|     Defendants. ) | |

This matter is before the court on several motions: (1) a 13 January 2009 motion for relief from entry of default by Robert Fortin ("Fortin"); (2) plaintiff's 15 January 2009 motion for default judgment against the *in personam* defendants Pollis and Hall; and (3) Fortin's 5 February 2009 motion to strike plaintiff's proposed order confirming sale of the vessel. The motions are ripe for disposition.

I. BACKGROUND

Plaintiff commenced this admiralty action on 29 July 2008 by filing a verified complaint seeking enforcement of a lien held by plaintiff against the defendant Vessel. (Verified Compl., ¶¶ 1, 9.) The Vessel was arrested on 18 August 2008 pursuant to a warrant issued by the Clerk. On 29 August 2008, plaintiff served Fortin with "a 119-page set of document[s]" which included the complaint and a notice requiring "[a]ny person who . . . is entitled to possession or who claims an interest in the vessel . . . [to] file a claim and serve an answer on or before September 19, 2008[.]" (1/9/09 Fortin Unsworn Decl., ¶ 3; 9/23/08 Aff. of Service ¶¶ 2-3.) Fortin received the documents on 12 September 2008. (Id.) Fortin is "a citizen and resident of Canada, and a native French

speaker[.]" (1/9/09 Fortin Unsworn Decl., ¶ 2.) Fortin called plaintiff's counsel several times between September and November 2008 to discuss the case, but was not "told that [he] needed to appear" in the case by plaintiff's counsel. (Id., ¶ 5.) On 29 October 2008, upon plaintiff's 22 October 2008 motion, the court entered default against Fortin. (10/29/08 Order at 2-3.) On 22 December 2008, at Fortin's request, plaintiff's counsel sent Fortin a copy of the court's 17 December 2008 order permitting sale of the Vessel and referred him to an attorney, who filed the instant motions on Fortin's behalf. (1/9/09 Fortin Unsworn Decl., ¶ 5.) Fortin does not seek to challenge the sale of the Vessel, which occurred on 30 January 2009. (Br. Supp. Mot. Relief at 1; Br. Opp. Mot. Relief at 3.)

## II. DISCUSSION

A. <u>Motion for Relief From Entry of Default</u>

Fortin seeks to set aside the default entered against him[1] on 29 October 2008. Fed. R. Civ. P. 55(c) allows the court to set aside an entry of default upon a showing of "good cause." While this standard is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," the court must ensure that the movant meets two requirements and must also consider several other factors before setting aside the entry of default. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); <u>see also</u> Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). Specifically, a movant must act with reasonable promptness to set aside the entry of default and must allege a meritorious defense. <u>See</u> Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir.1967). To establish a meritorious defense, the

---

[1] Fortin was one of several persons or entities "who [p]laintiff knew or believed had an interest in the [V]essel" and therefore served with process, and the court entered default (upon motion of plaintiff) against all such persons or entities except for Precision Marine Power, Inc., which filed an answer to the complaint. (10/29/08 Order ¶¶ 8, 11.)

2

moving party should proffer evidence which would permit a finding for the defaulting party. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). The court should be concerned with whether there is some possibility that after a full trial the outcome will be contrary to the result achieved by the default. See id.

In addition, the court must also consider the "personal responsibility of the movant" for the default, as distinguished from actions by the movant's attorney, the amount of prejudice that granting the motion will impose on the non-movant, the extent of the movant's dilatory action within the litigation, and the availability of other, "less drastic" sanctions. Lolatchy, 816 F.2d at 953. "In the context of Rule 55(c), however, it is not necessary that the conduct be excusable to qualify for relief under the 'good cause' standard . . . . Thus, the fact that [the movant] may have been somewhat at fault . . . does not preclude relief under Rule 55(c)." Wainwright's Vacations, LLC v. Pan American Airways Corp., 130 F. Supp. 2d 712, 720 (D. Md. 2001).

In considering all the relevant factors, and the evidence submitted by the parties, the court finds that it is appropriate to allow the motion and set aside the default against Fortin. In particular, the court finds that plaintiff will suffer very little prejudice by setting aside the default. Fortin seeks only seven days from the date this order is filed to answer the complaint. (Br. Supp. Mot. Relief at 4.) Plaintiff is already required to deposit the proceeds from the sale of the Vessel into the registry of this court pursuant to the court's 17 December 2008 order. Additionally, the court finds that plaintiff's request to require Fortin to share in the custodial costs accrued during this litigation is appropriate, further minimizing the prejudice to plaintiff. (Br. Opp. Mot. Relief at 13.) Accordingly, the motion to set aside the default is ALLOWED, and Fortin shall have seven days from the date this order is filed in which to answer the complaint. In addition, Fortin is ORDERED

to "pay a fair share . . . of the Marshal's fees and expenses incurred and to be incurred for the arrest, attachment, garnishment, keeping, maintenance and security of the vessel or other property" pursuant to LAR 209.00(d), EDNC. If the parties cannot agree on the appropriate division of these costs, plaintiff may file a separate motion.

B.      Motion for Default Judgment Against Pollis and Hall

By order filed 29 October 2008, default was entered against the *in personam* defendants, George M. Pollis and Mark W. Hall. Upon a review of the verified complaint and plaintiff's motion for default judgment against Pollis and Hall, it is hereby ORDERED, ADJUDGED and DECREED, that judgment is entered against the *in personam* defendants, George M. Pollis and Mark W. Hall, in the amount and sum certain as follows:

> The principal of $493,386.01, plus per diem interest at the rate of $93.33 per day from July 22, 2008 through the date this order is filed; plus: attorneys' fees, costs and expenses (including *in custodia legis* costs; each to be determined following the sale of the Defendant Vessel); and post-judgment interest from the date this order is filed until paid.

C.      Motion to Strike Plaintiff's Proposed Order Confirming Sale of the Vessel

By court order filed 17 December 2008, (12/17/08 Order at 3), the Marshal sold the Vessel to plaintiff at a public auction on 30 January 2009 at the federal courthouse in New Bern. (1/30/09 Report of Sale at 1.) Fortin also bid on the Vessel, but did not file any objection to the sale as set forth in LAR 214.00(g). (Br. Opp. Mot. Strike at 3.) On 5 February 2009, plaintiff filed a proposed order confirming sale of the Vessel pursuant to LAR 214.00(h), EDNC. Fortin seeks to strike the proposed order on the grounds that "its entry would unfairly work to deny substantial rights of . . . Fortin[,]" in that some of the terms contained in the proposed order appear to address issues that will be litigated by his intervening in the action. (Br. Supp. Mot. Strike at 1.)

4

The court agrees with plaintiff that it is entitled to transfer of title to the Vessel free and clear of encumbrances, (Br. Opp. Mot. Strike at 7), and that "this [c]ourt retains the authority to order [p]laintiff to pay into the [c]ourt the balance of the [p]laintiff's bid[,]" (id. at 6). Accordingly, the motion to strike is DENIED, and the court will enter a separate order confirming the sale and directing plaintiff to pay the proceeds into the registry of the court. (See also 12/17/08 Order at 3 ("Following the sale of the Vessel, the funds will be placed in the registry of this court pending further orders of this court.").)

### III. CONCLUSION

For the foregoing reasons, the motion to strike is DENIED. The motion to set aside the default is ALLOWED, and Fortin shall have seven days from the date this order is filed in which to answer the complaint. In addition, Fortin is ORDERED to "pay a fair share . . . of the Marshal's fees and expenses incurred and to be incurred for the arrest, attachment, garnishment, keeping, maintenance and security of the vessel or other property" pursuant to LAR 209.00(d), EDNC.

Furthermore, it is hereby ORDERED, ADJUDGED and DECREED, that judgment is entered against the *in personam* defendants, George M. Pollis and Mark W. Hall, in the amount and sum certain as follows:

The principal of $493,386.01, plus per diem interest at the rate of $93.33 per day from July 22, 2008 through the date this order is filed; plus: attorneys' fees, costs and expenses (including *in custodia legis* costs; each to be determined following the sale of the Defendant Vessel); and post-judgment interest from the date this order is filed until paid.

This 26 February 2009.

                                                         W. Earl Britt
                                                         Senior U.S. District Judge